**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------X  Case No. 18-cv-05729
RACHAEL CAMPBELL,

                                                Plaintiff,

                                                                                         **COMPLAINT**

        -against-

DIVERSIFIED CONSULTANTS, INC.,

                                                Defendant.
---------------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

### INTRODUCTION

       1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted debt incurred for personal, family or household purposes to Verizon.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is foreign business corporation incorporated under the laws of the State of Florida.

FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. At some point in time plaintiff allegedly incurred aforesaid personal debt to Verizon.

16. At some subsequent point in time Verizon alleged that the debt fell into default.

17. Subsequent to the alleged default, in or around April 2018 plaintiff received a collection letter from a certain debt collector.

18. By its letter, said debt collector was attempting to collect the debt for Verizon.

19. After receipt of the collection letter, plaintiff consulted with her attorneys at Fagenson & Puglisi concerning the alleged debt and the collection letter.

20. On behalf of plaintiff, on June 25, 2018 Fagenson & Puglisi sent a letter to said debt collector.

21. In said letter, Fagenson & Puglisi informed the debt collector that plaintiff was represented by Fagenson & Puglisi, that plaintiff should not be contacted directly and that plaintiff disputed the debt.

22. In said letter, Fagenson & Puglisi also requested documentation supporting the claim.

23. By letter dated July 10, 2018, said debt collector responded to plaintiff at Fagenson & Puglisi's address, enclosing purported verification of the debt.

24. Thereafter, by letter dated July 16, 2018, defendant wrote to plaintiff in an attempt to collect the same Verizon debt.

25. Defendant sent the collection letter directly to plaintiff at her home.

26. On information and belief, Verizon's aforesaid prior debt collector informed Verizon that plaintiff was represented by Fagenson & Puglisi.

27. On information and belief, Verizon then informed defendant that plaintiff was represented by Fagenson & Puglisi.

28. On information and belief, Verizon informed defendant that plaintiff was represented by Fagenson & Puglisi before defendant sent its letter to plaintiff.

29. Defendant knew that plaintiff was represented by Fagenson & Puglisi before defendant sent its letter to plaintiff.

30. Defendant should have known that plaintiff was represented by Fagenson & Puglisi before defendant sent its letter to plaintiff.

31. Defendant knew that plaintiff was represented by an attorney before defendant sent its letter to plaintiff.

32. Defendant should have known that plaintiff was represented by an attorney before defendant sent its letter to plaintiff.

33. Defendant sent its letter directly to plaintiff notwithstanding its knowledge that plaintiff was represented by an attorney in the matter of the debt.

4

34. Further, on or about September 5, 2018, defendant telephoned plaintiff.

35. When plaintiff answered the telephone, a lady told plaintiff that her name was "Maria Castro".

36. The lady further told plaintiff she was calling from defendant.

37. The lady also told plaintiff that she was calling about the Verizon debt.

38. Plaintiff then told the lady that she has an attorney for the matter.

39. Plaintiff gave the lady her attorney's name and telephone number.

40. Thereafter, the lady asked plaintiff at least two times if she was going to be filing bankruptcy.

41. Plaintiff repeatedly told the lady that plaintiff cannot answer that question and that the lady would have to call plaintiff's attorney.

42. Upon receipt of defendant's collection letter and telephone call, plaintiff was surprised, confused, upset and annoyed and suffered emotional distress and worry that defendant was persisting in its campaign to communicate with her directly despite defendant's knowledge that she was represented by counsel in the matter of the debt.

AS AND FOR A FIRST CAUSE OF ACTION

Improper direct communication with Plaintiff – Collection Letter

15 U.S.C. §§ 1692c(a)(2) and 1692e

43. Plaintiff re-alleges paragraphs 1-42 as if fully re-stated herein.

44. On information and belief, Verizon knew that plaintiff was represented by counsel and should not be contacted directly.

45. On information and belief, Verizon informed defendant of plaintiff's legal representation before defendant sent its collection letter directly to plaintiff at her home.

46. Defendant knew of plaintiff's legal representation before defendant sent its collection letter directly to plaintiff at her home.

47. In any event, defendant had an affirmative duty to inquire of Verizon whether plaintiff was represented by counsel in the matter before defendant communicated directly with plaintiff.

48. Defendant did not inquire of Verizon whether plaintiff was represented by counsel before defendant sent its collection letter directly to plaintiff.

49. Defendant sent its collection letter directly to plaintiff notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

50. Defendant sent its collection letter directly to plaintiff as a result of its violation of its affirmative duty to inquire of Verizon, before communicating with plaintiff, whether plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

51. Further, defendant is in violation of the FDCPA, § 1692e in that defendant's conduct in contacting plaintiff directly after knowledge of attorney representation, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her legal counsel.

52. Defendant is further in violation of the FDCPA, § 1692e in that defendant's conduct in contacting plaintiff directly was a result of its violation of its affirmative duty to inquire of Verizon, before communicating with plaintiff, whether plaintiff was represented by counsel, and constitutes a deceptive and misleading means used in an attempt to collect the debt as an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her counsel.

53. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

AS AND FOR A SECOND CAUSE OF ACTION

Improper direct communication with Plaintiff – Telephone Call

15 U.S.C. §§ 1692c(a)(2) and 1692e

54. Plaintiff re-alleges paragraphs 1-53 as if fully re-stated herein.

55. Defendant telephoned plaintiff on or about September 5, 2018.

56. Defendant telephoned plaintiff on or about September 5, 2018 concerning the same Verizon debt concerning which it had sent the collection letter dated July 16, 2018.

57. During said telephone call, plaintiff informed defendant that she was represented by an attorney in the matter of the debt.

58. Instead of immediately desisting from further conversation with plaintiff, defendant proceeded to ask plaintiff repeatedly if she was going to file for bankruptcy.

59. Defendant placed its said telephone call to plaintiff notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

60. Defendant telephoned plaintiff as a result of its violation of its affirmative duty to inquire of Verizon, before communicating with plaintiff, whether plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

61. Further, defendant is in violation of the FDCPA, § 1692e in that defendant's conduct in placing its telephone call to plaintiff after knowledge of attorney representation, constitutes a deceptive and misleading means used by defendant in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her legal counsel.

62. Defendant is further in violation of the FDCPA, § 1692e in that defendant's conduct in placing its telephone call to plaintiff was a result of its violation of its affirmative duty to inquire of Verizon, before communicating with plaintiff, whether plaintiff was represented by counsel, and constitutes a deceptive and misleading means used in an attempt to collect the debt as an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her counsel.

63. Further, during the said telephone conversation, plaintiff informed defendant that she had an attorney in the matter of the debt and gave defendant plaintiff's attorneys' name and telephone number.

64. Defendant's subsequent questions to plaintiff concerning bankruptcy constituted a violation of the FDCPA, § 1692c(a)(2), in that defendant continued to communicate with plaintiff directly after plaintiff again told defendant that she was represented by an attorney in the matter of the debt.

65. Defendant's subsequent questions to plaintiff concerning bankruptcy also constituted a violation of the FDCPA, § 1692e and were a deceptive and misleading means used by defendant in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of her legal counsel.

## AS AND FOR A THRD CAUSE OF ACTION

## NYGBL § 349

66. Plaintiff re-alleges paragraphs 1-65 as if fully re-stated herein.

67. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

68. Defendant breached its duty to collect plaintiff's debt with reasonable care.

69. In the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant was made with the attorney, and not with the consumer directly.

70. The fact that defendant contacted plaintiff directly regarding the same debt for which defendant had been informed that she had attorney representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

71. On information and belief, at all times material hereto Verizon placed dozens of consumer accounts of New York residents with defendant for collection monthly.

72. Defendant's act of communicating with plaintiff directly is a deceptive act and practice.

73. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

74. Defendant's letter to plaintiff is a form collection letter.

75. Defendant's letter to plaintiff is derived from a letter template.

76. Defendant's deceptive act and practice was consumer-oriented, in that defendant's act of communicating directly with a legally–represented consumer despite knowledge that she is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which Verizon placed with defendant for collection and on which there was legal representation.

77. Defendant maintained no agreement or procedure with Verizon to ensure that Verizon did not place with defendant accounts of legally–represented consumers for collection or, in the alternative, to ensure that defendant did not communicate directly with legally–represented consumers.

78. Defendant's said conduct of communicating directly with legally–represented consumers has a broader impact on consumers at large whose accounts are placed by Verizon with defendant for collection and who are represented by counsel in the matter of the collection of their Verizon debt.

79. Defendant owes a duty to plaintiff and consumers at large to honor their right to legal representation and defendant's failure to honor plaintiff's said right resulted in defendant sending its collection letter to plaintiff at her home, thereby improperly encouraging plaintiff to contact defendant directly about a debt for which she had the representation of counsel.

80. Therefore, defendant's failure to honor plaintiff's legal representation by its sending of the collection letter to plaintiff at her home was deceptive and misleading in a material way.

81. Further, defendant's placing of its telephone call to plaintiff on or about September 5, 2018 also constituted a deceptive act and practice as aforesaid.

82. Moreover, defendant's questioning of plaintiff during said telephone conversation, after plaintiff had informed defendant that she had an attorney in the matter of the Verizon debt and had provided her attorneys' name and telephone number to defendant, also constituted a deceptive act and practice as aforesaid.

83. Plaintiff is a reasonable consumer within the meaning of the NYGBL § 349(a) and acted reasonably under the circumstances of this case.

84. Upon receipt of defendant's collection letter and telephone call, plaintiff was surprised, confused, upset and annoyed and suffered emotional distress and worry that defendant was persisting in its campaign to communicate with her directly despite defendant's knowledge that she was represented by counsel in the matter of the debt.

85. Defendant violated NYGBL § 349(a) by the sending of its collection letter directly to plaintiff and the placing of its telephone call to plaintiff and is liable to plaintiff under NYGBL § 349(h).

86. Defendant willfully and knowingly violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

87. As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(c) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d) enjoining defendant from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e) enjoining defendant from committing further deceptive acts and practices towards plaintiff, pursuant to NYGBL § 349;

(f) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) in the alternative to (f), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding maximum treble damages pursuant to NYGBL § 349;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
October 12, 2018.

*/s/  Novlette R. Kidd*
NOVLETTE  R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com